**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BENJAMIN WALLACE WILSON,

    *Plaintiff,*

vs.                                                                                    Case No. 25-CV-2099-EFM-BGS

CITY OF FRANKFORT, KANSAS,

    *Defendant.*

**MEMORANDUM AND ORDER**

Proceeding pro se, Plaintiff Benjamin Wilson brings this suit against Defendant City of Frankfort, Kansas ("Defendant" or "the City") asserting federal and state law claims arising from an allegedly unlawful traffic stop. Two motions are pending before the Court: (1) Defendant's Motion to Dismiss (Doc. 3) and (2) Plaintiff's Motion for Default Judgment (Doc. 6). For the following reasons, the Court grants Defendant's Motion to Dismiss and denies Plaintiff's Motion for Default Judgment as moot.

**I.        Factual and Procedural Background**

Plaintiff filed his Complaint on January 7, 2025, in the 22nd Judicial District of Marshall County, Kansas. The Complaint consists, at most, of a half page of allegations. Plaintiff alleges that on March 12, 2024, the City of Frankfort's Chief of Police, Dan Harlan, "made an illegal traffic stop on the Plaintiff within the city limits violating Plaintiff's constitutional rights and proceeded to arrest the Plaintiff without proper warrant or probable cause." Plaintiff further alleges

that because of Defendant's negligence, he experienced pain and suffering. He asks for $150,000 in damages plus costs.

On February 26, 2025, Defendant removed Plaintiff's action to this Court. Defendant subsequently filed a Motion to Dismiss Plaintiff's claims. Plaintiff did not respond to Defendant's Motion to Dismiss. However, on March 10, Plaintiff filed a Motion for Default Judgment asserting that Defendant failed to file a timely answer to his Complaint.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[1] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[2] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[3] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[4] Viewing the complaint in this manner, the court must

---

[1] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[3] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[4] *Iqbal*, 556 U.S. at 678-79.

decide whether the plaintiff's allegations give rise to more than speculative possibilities.[5] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[6]

Plaintiff is a pro se litigant, and therefore his pleadings must be liberally construed.[7] However, the district court is not permitted "to assume the role of advocate for the pro se litigant."[8] For this reason, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[9]

### III.   Analysis

#### A.   Plaintiff's Federal Claims

Defendant contends that Plaintiff's federal claims are barred by res judicata. Under the doctrine of res judicata, or claim preclusion, a party may not assert "a legal claim that was or could have been the subject of a previously issued final judgment."[10] The principle underlying this doctrine "is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so."[11] Claim preclusion applies when the following

---

[5] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[6] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id*.

[9] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

[10] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc*., 847 F.3d 1221, 1239 (10th Cir. 2017) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).

[11] *Id*. (quoting *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006)).

three elements are present: "(1) a [final] judgment on the merits in an earlier action; (2) identity of

parties or privies in the two suits; and (3) identity of the cause of action in both suits."[12] However,

even if these elements are satisfied, claim preclusion does not apply if the opposing party "did not

have a 'full and fair opportunity to litigate' the claim in the prior action."[13]

Defendant asserts that Plaintiff already litigated his allegations in a previous case he

brought in the District of Kansas—*Wilson v. City of Frankfort, Kansas*.[14] In *Wilson*, Plaintiff

alleged that Chief of Police Harlan initiated an unlawful traffic stop and then arrested Plaintiff

after telling him he had an "arrest and detain" warrant. After being transported to the Marshall

County Jail, Plaintiff requested a copy of the warrant and was given a commitment order issued

by the Marshall County District Court. Plaintiff asserted claims against Chief Harlan for an

unlawful traffic stop, unlawful arrest, and violation of due process. The Court dismissed Plaintiff's

claims with prejudice because they failed to state a claim for which relief could be granted.

According to Defendant, Plaintiff had a full chance to litigate his claims in his previous case, and

res judicata prevents him from relitigating them here.

Plaintiff does not offer any argument in response, and the Court will not construct

arguments on his behalf. Upon its own review, the Court agrees with Defendant that all three

---

[12] *Id*. (quoting *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

[13] *Id*. (quoting *MACTEC*, 427 F.3d at 831 & n.6.)

[14] Case No. 24-3164-JWL. The Court may take judicial notice of its own records or public records from other proceedings without converting a motion to dismiss to a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citation omitted); *see also Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 931 F. Supp. 2d 1120, 1123 (D. Kan. 2013).

elements of claim preclusion are present. First, Plaintiff's previous claims were dismissed with prejudice, and thus, the dismissal is a final judgment on the merits.[15]

Second, the cases involve the same parties, even though Plaintiff sued Chief Harlan in *Wilson*, and he sued the City in this case. A government official who is sued in his official capacity is in privity with the government for which he works.[16] This is because "a suit against a government official in his or her capacity is simply 'another way of pleading an action against an entity of which an officer is an agent.'"[17]

Plaintiff's previous complaint did not specify the capacity in which he sued Chief Harlan, and thus, the Court must "look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability."[18] The case caption identifies the defendant as "City of Frankfort, Chief of Police, Daniel Harlan," which may be construed to mean that Plaintiff intended to the sue the City and/or hold it liable. Additionally, Plaintiff alleges that he wrote both the City Council and the City Administrator before filing suit, which indicates he was seeking relief from the City. The Court therefore concludes that Plaintiff

---

[15] *See Reyes v. Larimer Cnty.*, 796 F. App'x 497, 499 (10th Cir. 2019) ("[D]ismissal with prejudice is a final decision on the merits for claim preclusion.") (citing *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1129 (10th Cir. 1991)).

[16] *Buhendwa v. Reg'l Transp. Dist.*, 82 F. Supp. 3d 1259, 1271 (D. Colo. 2015) (citing *Gonzales v. Hernandez*, 175 F.3d 1202, 1206 (10th Cir. 1999)).

[17] *Id*. (quoting *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014)).

[18] *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) (quoting *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993)).

instituted an official capacity suit against Chief Harlan. Because Chief Harlan is an employee of

the City, the parties are in privity, and the second element of claim preclusion is met.

Finally, the Court turns to the third element of res judicata—identity in the cause of action.

In *Wilson*, Plaintiff asserted constitutional claims based on the same March 12, 2024 traffic stop

that forms the basis of Plaintiff's claims here. Indeed, Plaintiff's causes of action in this case—

unlawful traffic stop and unlawful arrest—are the same as two of his claims in his previous case.

Therefore, the last element of res judicata is met.

Because the Court finds all of the elements of res judicata are met, the Court dismisses

Plaintiff's federal claims.

**B.      Plaintiff's State Law Claim**

Plaintiff's remaining claim appears to be a state law claim of negligence. Under 28 U.S.C.

§ 1367(c)(3), the Court may decline to exercise supplemental jurisdiction if it "has dismissed all

claims over which it has original jurisdiction." Supplemental jurisdiction "is exercised on a

discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness

to the litigants."[19] The Court is dismissing all the claims over which it has original jurisdiction.

Furthermore, this case is at the pleading stage, and no discovery has occurred. Thus, the Court

exercises its discretion and declines to assert supplemental jurisdiction over Plaintiff's negligence

claim.

In sum, the Court grants Defendant's Motion to Dismiss. Because Plaintiff's claims are not

cognizable, the Court need not address Defendant's Motion for Default Judgment and denies it as

moot.

---

[19] *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997).

-7-

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 6) is **DENIED AS MOOT**.

**IT IS SO ORDERED**. This case is closed.

Dated this 17th day of July, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE